UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD L. BROWN,<br><br>   *Plaintiff*,<br><br> v.<br><br>CITIBANK, N.A., JOHN DOES 1-5, and JANE DOES 6-10,<br><br>   *Defendants*. | Civil Action No. 1:24-cv-13084 |

### DEFENDANT CITIBANK, N.A.'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1332, and 1441, Rule 81 of the Federal Rules of Civil Procedure, and Rule 81.1 of the Local Rules of the United States District Court for the District of Massachusetts, defendant Citibank, N.A. ("Citibank") hereby removes the action entitled *Donald L. Brown v. Citibank, N.A.,* et al., Case No. 2454CV00601, filed in the Massachusetts Trial Court Division, Dedham District Court (the "State Court Action"), to the United States District Court for the District of Massachusetts, Eastern Division.  As grounds for its Notice of Removal, Citibank states as follows:

**I. FACTUAL BACKGROUND**

The following facts are taken from documents served on Citibank, and from the docket listing of the State Court Action, which are susceptible to judicial notice in this Court.  *See Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand.").  A copy of the docket listing for the State Court Action as of December 13, 2024 is attached hereto as Exhibit 1.

1

On or about November 13, 2024, *pro se* plaintiff Donald L. Brown ("Plaintiff") commenced the State Court Action by filing a complaint (the "Complaint") in the Massachusetts District Court. See <u>Ex. 1</u>. A copy of the Complaint is attached hereto as <u>Exhibit 2</u>. On or about the same day, Plaintiff filed a statement of damages, a copy of which is attached hereto as <u>Exhibit 3</u>. A copy of the summons served on Citibank is attached hereto as <u>Exhibit 4</u>. Along with the summons and the Complaint, Citibank was served with requests for production of documents and interrogatories, copies of which are attached hereto as <u>Exhibit 5</u> and <u>Exhibit 6</u>, respectively.

The Complaint alleges that on October 4, 2024, Plaintiff wrote two separate checks for $300 for payments on two separate Citibank credit card accounts. <u>Ex. 2</u>, ¶ 10. Plaintiff alleges that one of those payments was not entered until October 23, 2024. *Id.* ¶ 11. Plaintiff further alleges that Citibank employees made five phone calls to Plaintiff over a three-day period "asking for payment for an [account] that Citibank had registered as late." *Id.* ¶ 14. Plaintiff incurred a late fee of $35, which he disputed with Citibank, and, when Citibank refused to remove the late fee, Plaintiff stopped payment further payments on the account. *Id.* ¶ 17, 19–20. Per the Complaint, Plaintiff alleges that he has suffered from a lower credit score and has been turned down for "too many late charges" on his credit reports, *id.* ¶ 22; that other merchants have "failed to approve" transactions due to a late charge on his credit reports, *id.* ¶ 23; and Citibank "maliciously" reported a late charge to credit reporting agencies after Plaintiff disputed the late charge, *id.* ¶ 25. Plaintiff further alleges that Citibank is liable on the following causes of action:

- Violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* (Count I);

- Violation of the Massachusetts Fair Credit Reporting Act, Mass. Gen. Laws ch. 93, § 54A (Count II);

- Violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (Count III);

- Violation of Mass. Gen. Laws ch. 93, § 49 (Count IV);

- Negligent misrepresentation (Count V);

- False or misleading representations, 15 U.S.C. § 1125(a) (Counts VI, VIII);

- Fraud and concealment (Count VII);

- Invasion of privacy (Count IX);

- Intentional infliction of emotional distress (Count X);

- Negligent infliction of emotional distress (Count XI);

- Defamation (Count XII);

- Libel (Count XIII);

- Slander (Count XIV);

- Negligent hiring (Count XV);

- Negligent failure to provide adequate training (Count XVI);

- Negligent failure to provide adequate supervision (Count XVII);

- Tortious interference with advantageous relationship (Count XVIII); and

- Violation of Mass. Gen. Laws ch. 93A (Count XIX).

Plaintiff seeks damages of $2,500 on each of the nineteen counts, and that "the total damages of $47,500 be tripled" under Mass. Gen. Laws ch. 93A ("Chapter 93A") because Citibank's "acts were malicious and designed to punish a customer for no appropriate reason." *Id.* at 36 (Prayer, ¶ S).

## II. REMOVAL IS TIMELY

Citibank was served on November 25, 2024 by U.S.P.S. retail mail. *See* Ex. 7

3

(correspondence from Plaintiff accompanying the Complaint); Ex. 8 (return of summons and complaint filed in the State Court Action). This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of the Complaint's service upon Citibank.

### III. THE COURT HAS REMOVAL JURISDICTION OVER THE ACTION

Removal to this Court is proper under 28 U.S.C. § 1332 because (a) Plaintiff's individual claims place more than $75,000 in controversy, exclusive of interest and costs; and (b) the action involves citizens of different states.

#### A. This Court Has Diversity Jurisdiction Under 28 U.S.C. § 1332

Pursuant to 28 U.S.C. § 1332(a), diversity subject matter jurisdiction in federal courts exist when there is complete diversity between the plaintiff and all properly-named defendants, and the amount in controversy exceeds $75,000.

##### 1. Complete Diversity Exists Between Plaintiff and Citibank

Federal court diversity jurisdiction requires complete diversity of citizenship between the parties; "that is, no plaintiff may be a citizen of the same state as any defendant." *BRT Mgmt. LLC v. Malden Storage LLC*, 68 F.4th 691, 695 (1st Cir. 2023).

In the Complaint, Plaintiff alleges that he has "at all times relevant hereto" been a resident of Westwood, Massachusetts. Ex. 2, ¶ 1. That makes Plaintiff a citizen of Massachusetts for purposes of federal court diversity jurisdiction. *See Aponte-Dávila v. Mun. of Caguas*, 828 F.3d 40, 46 (1st Cir. 2016) ("For purposes of diversity, a person is a citizen of the state in which he is domiciled.") (quoting *Padilla-Mangual v. Pavia Hosp.*, 516 F.3d 29, 31 (1st Cir. 2008)).

For corporate entities such as Citibank, "[a] corporation is a citizen of both its state of incorporation and the state where it has its principal place of business." *AIG Prop. Cas. Co. v. Green*, 172 F. Supp. 3d 468, 474 (D. Mass. 2016) (citing 28 U.S.C. § 1332(c)(1)). A corporation's

principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities[.]" *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). This jurisdictional test requires the determination of a corporation's "nerve center." *See id.* at 95; *see also Harrison v. Granite Bay Care, Inc.*, 811 F.3d 36, 41 (1st Cir. 2016) ("[T]he federal court is to look for the place where the buck stops. And where it does, well, that's the corporation's nerve center and principal place of business.").

Citibank is a national banking association organized and existing under the laws of the United States and South Dakota with a main office, as set forth in its articles of association, located in South Dakota. Accordingly, Citibank is a citizen of South Dakota for the purpose of diversity of citizenship. *See Green*, 172 F. Supp. 3d at 474; *Comunale v. Home Depot, U.S.A., Inc.*, 328 F. Supp. 3d 70, 74 (W.D.N.Y. 2018) (finding Citibank, N.A. is a citizen of South Dakota for diversity purposes); *Flores v. Citibank, N.A.*, No. 1:24-cv-3665 (LTS), 2024 WL 3905975, at *3 (S.D.N.Y. Aug. 22, 2024 (same).

Because Plaintiff is a citizen of Massachusetts, and Citibank is a citizen of South Dakota, there is complete diversity of citizenship between the parties.

### 2. The Amount in Controversy Exceeds $75,000

Federal diversity jurisdiction requires that the amount in controversy be at least $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). For purposes of determining the amount in controversy, the First Circuit has stated that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Carrozza v. CVS Pharmacy, Inc.*, 992 F.3d 44, 52 (1st Cir. 2021) (quoting *Abdel-Aleem v. OPK Biotech LLC*, 665 F.3d 38, 41 (1st Cir. 2012)); *Hutson v. FLS Language Centres*, 18 F. Supp. 3d 17, 22 (D. Mass. 2014) (typically "a court decides the amount in controversy from the face of the complaint"). The amount in controversy also "includes statutory multipliers of damages[.]" *Toro v. CSX Intermodal Terminals, Inc.*, 199 F. Supp. 3d,

320, 322–23 (D. Mass. 2016) (citing *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 82 (1st Cir. 2014)); *Lucas v. Ultima Framingham LLC*, 973 F. Supp. 2d 98, 101 (D. Mass. 2013) ("[W]hen a plaintiff makes a claim under a statute including a damage multiplier, a court must apply that factor in evaluating the amount in controversy.").

Although Citibank denies that it is liable to Plaintiff on any of the theories advanced in the Complaint, the Complaint seeks an award of $2,500 on each of the nineteen counts, totaling $47,500. Plaintiff seeks to the total damages of $47,500 "tripled under [Chapter 93A] because the defendant's acts were malicious and designed to punish a consumer for no appropriate reason." Ex. 2, at 36 (Prayer, ¶ S); *see also* Mass. Gen. Laws ch. 93A, § 3 (providing for an award of "up to three . . . times" a plaintiff's actual damages where the defendant committed a "willful or knowing violation" of Chapter 93A). Accounting for Chapter 93A's multiplier, the amount in controversy is $142,500, and, accordingly, exceeds the $75,000 threshold for diversity jurisdiction.

**B.    This Court Has Federal Question Jurisdiction Under 28 U.S.C. § 1331**

Pursuant to 28 U.S.C. § 1331, original jurisdiction of the federal district courts includes jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Insofar as Plaintiff alleges liability on the basis of the FCRA and the FDCPA, these claims necessarily arise under the laws of the United States and are subject to the Court's removal jurisdiction under 28 U.S.C. § 1331. *See Lanciani v. Allstate Ins. Co.*, No. 4:23-cv-10880-MRG, 2023 WL 6172457, at *2 (D. Me. Sept. 22, 2023) (finding federal question jurisdiction existed because the plaintiff's complaint that asserted a claim under the FCRA "contain[ed] an explicit federal cause of action" (cleaned up)). Accordingly, removal is proper.

Additionally, an exercise by this Court of supplemental jurisdiction over Plaintiff's various state law claims is warranted because the state law claims and the federal law claims originate from a common nucleus of facts. *See Allstate Interiors & Exteriors, Inc. v. Stonestreet*

*Constr., LLC*, 730 F.3d 67, 72 (1st Cir. 2013) ("State and federal claims are part of the same 'case or controversy' for purposes of section 1367(a) if they 'derive from a common nucleus of operative fact'" (quoting *Penobscot Indian Nation v. Key Bank of Me.*, 112 F.3d 538, 564 (1st Cir. 1997))).

### IV. VENUE

Venue is proper in the United States District Court for the District of Massachusetts, Eastern Division, because this is "the district and division embracing the place where" the State Court Action was filed and is pending. *See* 28 U.S.C. § 1441(a).

### V. SERVICE OF NOTICE OF REMOVAL

Citibank has attached all pleadings that have been filed in the State Court Action as Exhibits 2 through 7. As required by 28 U.S.C. § 1447(b) and Rule 81.1 of the Local Rules of the United States District Court for the District of Massachusetts, certified or attested copies of all records, documents, and docket entries obtained from the State Court Action will be filed with this Court following the filing of this Notice of Removal. In addition, pursuant to 28 U.S.C. § 1446(d), Citibank shall promptly provide written notice of the Notice of Removal to Plaintiff and file a copy of the Notice of Removal with the Clerk of the Dedham District Court.

### VI. CONCLUSION

WHEREFORE, Citibank hereby effects removal of this case and requests that this Court maintain jurisdiction over it as provided by law.

Dated: December 13, 2024

Respectfully submitted,

**CITIBANK, N.A.**,

by its attorneys,

*/s/ L. Felipe Escobedo*
L. Felipe Escobedo, BBO# 709142
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA 02110
Tel: (617) 341-7700
felipe.escobedo@morganlewis.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 13, 2024, a copy of the foregoing document was filed electronically through the Court's CM/ECF system, and notice will be sent electronically to all registered participants as identified on the Notice of Electronic Filing (NEF). A paper copy will also be sent via U.S. mail, postage prepaid, and by email to:

      Donald L. Brown
      95 University Avenue, Apt. 2128
      Westwood, MA 02090
      Tel: (781) 708-9654
      Email: donaldloringbrown@gmail.com

      */s/ L. Felipe Escobedo*
      L. Felipe Escobedo