# EXHIBIT 2

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS

DISTRICT COURT DIVISION
DEDHAM DISTRICT COURT
CA# 2454 CV00601

DONALD L BROWN )
)
      Plaintiff )
)
V. )
)
CITIBANK, N.A. )
JOHN DOES 1 THROUGH 5 )
JANE DOES 6 THROUGH 10 )

## COMPLAINT

## JURISDICTION

1. The plaintiff, Donald L Brown, (Hereinafter "Brown") at all times relevant hereto, was a resident of 95 UNIVERSITY AVE APT 2128 in Westwood, Norfolk County, Massachusetts.

2. Given that the damages are UNDER $50,000.00 the proper Court is the DISTRICT COURT WITHIN THE COMMONWEALTH OF MASSACHUSETTS.

3. Because the plaintiff is a resident of the town of Westwood, and the damages were incurred in Norfolk County, the appropriate Court with jurisdiction over this matter is the NORFOLK COUNTY DISTRICT COURT AT DEDHAM, MA, within.

## PARTIES

4.The plaintiff Donald L Brown (hereinafter "Brown") is resident of 95 UNIVERSITY AVE APT 2128, Westwood, MA, 02090 IN THE County of Norfolk, within Massachusetts.

5.The defendant CITIBANK, N.A. ("CITIBANK") upon information and belief, is a duly organized corporation and is, engaged in the business of ISSUING CREDIT and is duly licensed within the Commonwealth of Massachusetts, doing business and having a usual place of business at 5800 S Corporate Pl, Sioux Falls, South Dakota, 57108.

7.Defendants John Does 1 thru 5, inclusive, are sued under fictitious names. When their true names and capacities are known, Plaintiff will promptly amend this complaint and add them as named Defendants. Plaintiff is informed and believes and therein alleges that each of these fictitiously named defendants is or was an employee, agent or servant of the defendant CITIBANK, legally responsible, negligently, or in some other actionable manner, for the events and happenings hereinafter set out in the complaint and that they, along with the Co-Defendant CITIBANK jointly and severally proximately caused Plaintiff's damages. At various times, John Does 1 thru 5, upon information and belief, were acting within the scope of their official duties as employees agents or servants of CITIBANK.

8. Defendants Jane Does 6 thru 10, inclusive, are sued under fictitious names. When their true names and capacities are known, Plaintiff will promptly amend this complaint and add them as named Defendants. Plaintiff is informed and believes and therein alleges that each of these fictitiously named defendants is or was an employee, agent or servant of the defendant CITIBANK, legally responsible, negligently, or in some other actionable manner, for the events and happenings hereinafter set out in the complaint and that they, along with the Co-Defendant CITIBANK, jointly and severally proximately caused Plaintiff's damages. At various times, Jane Does 6 thru 10, upon information and belief, were acting within the scope of their official duties as employees agents or servants of CITIBANK.

## GENERAL FACTS

9. AS A CONSUMER, YOUR COMPANY DID NOT CORRECTLY POST BROWN'S PAYMENT TO YOUR COMPANY'S CREDIT CARD BALANCE DUE TO YOUR COMPANY'S NEGLIGENCE.

10. On or about OCTOBER 4, 2024 Brown wrote to your company PAYING $300.00 FOR EACH (TWO SEPARATE CHECKS, TWO SEPARATE PAYMENTS FOR TWO SEPARATE CREDIT CARD ACCOUNTS ISSUED BY THE DEFENDANT) CREDIT CARD. (SEE EXHIBIT A)

11. SUSBEQUENTLY, YOUR COMPANY DID NOT LOG ONE OF THOSE PAYMENTS, UNTIL OCTOBER 23, 2024 (WHICH WERE SENT IN TWO SEPARATE ENVELOPES), AND ONLY ONE CASHED IN A TIMELY MANNER.

12. THE TWO PAYMENTS FOR THE TWO CREDIT CARD ACCOUNTS WERE BOTH SENT TO THE SAME ADDRESS IN KENTUCKY. (BROWN ONLY PRINTED ONE LABEL, THEN COPIED AND PASTED THE OTHER LABEL, TO MAKE SURE THERE WERE NO ERRORS IN THE ADDRESS ON THE ENVELOPE).

13. THEN THE HARRASMENT AND HOUNDING BEGAN.

14. BROWN WAS CALLED (3) THREE TIMES ON SATURDAY, (2) TIMES ON SUDANY AND (1) ONE TIME ON MONDAY FROM A CITIBANK EMPOYEE ASKING FOR PAYMENT FOR AN ACOCUNT THAT CITIBANK HAD REGISTERED AS LATE DESPITE PLAINTIFF HAVING SENT THE CHECK ON THE 4TH OF OCTOBER, 2024.

15. PLAINTIFF TOLD THE CALLER IT HAD BEEN SENT OCTOBER 4, 2024, WHICH IS WHEN ALL OF PLAINTIFF'S BILLS ARE/WERE SENT OUT MONTH IN AND MONTH OUT. ALL BILLS BEING PAID ON THE SAME DAY IS A YEARS LONG, IN HOME PRACTICE BY PLAINTIFF TO MAKE SURE ALL BILLS ARE PAID EACH MONTH AND NONE ARE FORGOTTEN AS PLAINTIFF AGES. (I AM SURE A SINLGE LOOK AT DEFENDANT'S RECORDS WILL SHOW THAT PLAINTIFF PAYS AROUND THE SAME TIME EVERY MONTH; AROUND THE 4TH OF THE MONTH EVERY TIME I PAY MY BILLS.)

16. BECAUSE THAT'S WHEN MY SOCIAL SECURITY COMES AND WHEN MY ROYALTY CHECKS ARRIVES. (SEE A LOG OF THE TIMES THE CALLS CAME TO MY CELL PHONE ATTACHED AS EXHIBIT B)

17. SUBSEQENTLY, I STOPPED PAYMENT ON (WHICH BROWN WAS CHARGED $35.00)

18. THE CHECK THAT WAS NOT CASHED BY YOUR COMPANY (THE DATE OF THE STOP PAYMENT: OCTOBER 24, 2024. THE CHECK WAS SENT TO THE KENTUCKY ADDRESS).

19. BROWN ASKED Your company to take off the LATE CHARGE NOTED ON THE CREDIT REPORT OF BROWN.

20. Subsequently, your company and its agents, servants or employees failed to REMOVE THE LATE CHARGE WHEN FAULT LIES WITH AN EMPOYEE, AGENT, OR SERVANT OF YOUR COMPANY.

21. Your representative said that it COULDN'T BE REMOVED, AND BASICALLY CALLED BROWN, YOUR CUSTOMER, A LIAR.

22. Brown has suffered from a lower score and has been turned down for "too many LATE CHARGES" on his credit reports.

23. In addition, Brown has applied for credit several times and several merchants have failed to approve several transactions due to A LATE CHARGE on Brown's credit reports.

24. Your company, or its agents, servants or employees failure to remove that LATE CHARGE arguably could be seen as unfair and deceptive practices under the Massachusetts Consumer Protection Statutes. Chapter 93A

25. Additionally, your company, either itself or through its agents, servants or employees, without right or legal authority, maliciously reported a LATE CHARGE to various so-called credit reporting agencies, all the while having been fully notified and informed by Brown of the invalidity of the underlying LATE CHARGE (SEE AGAIN EXHIBIT C).

26. The conduct of your company was willful, intentional, and malicious, apparently with the sole intent to oppress and harass Brown.

27. Failure to fulfill promise and misrepresentations of material and other facts constitutes deceptive acts within the meaning of Chapter 93A.

## COUNT I
## BROWN V. ALL DEFENDANTS
## VIOLATION OF FEDERAL FAIR
## CREDIT REPORTING ACT (15 USC1681)

28. The plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above as if expressly rewritten and set forth herein.

29. Defendant actions in reporting the PLAINTIFF'S REFERENCES to the plaintiffs alleged credit reliability and with negative and unfounded alerts to potential creditors, represents a gross violation of the Federal Fair Credit Reporting Act.

30. The defendant also knew or should have known that the plaintiff had raised his concerns that their spoken comments to potential creditors and credit reporting agencies would cause great harm to the plaintiff.

31. As a direct and proximate result of the Violation of the Federal Fair Credit Reporting Act (15 USC 1681) of the defendant, the plaintiff has suffered damages.

32. Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.

## COUNT II
## BROWN V. ALL DEFENDANTS
## VIOLATION OF THE MASSACHUSETTS FAIR CREDIT REPORTING ACT
## (CHAPTER 93 SECTION 54A)

33. The plaintiff re-alleges and incorporates herein the allegations

*contained in the paragraphs above as if expressly rewritten and set forth herein.*

34. Defendant's actions in failing to remove NEGATIVE COMMENTS FROM PLAINTIFF'S CREDIT REPORT CAUSED MASSIVE HARM to the plaintiff's AND DEFENDANT'S CREDIT REPORTING represents a gross violation of the Massachusetts Fair Credit Reporting Act.

35. The Defendant also knew or should have known that the plaintiff had raised his concerns that DEFENDANT'S not removing the alleged NEGATIVE CREDIT REPORTING FROM ITS SITE would cause great harm to the plaintiff.

36. As a direct and proximate result of the Violation of the Massachusetts Fair Credit Reporting Act (Chapter 93 sec. 54A) of the defendant, the plaintiff has suffered damages.

37. Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong

*WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT III
## BROWN V. ALL DEFENDANTS
## VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION ACT (15 USC sec. 1692)

38. Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

39. Defendant continuously CONTSTRUCTIVELY dunned the plaintiff regarding an alleged overdue balance.

40. Plaintiff HAD PROPERLY PAID HIS ACCOUNT, as all exhibits show.

41. Such harassment as committed by defendant, agents, servants or employees, acting on behalf of the defendant as alleged in the paragraphs above, are in violation of the Federal Fair Debt Collection Practices Act, (15 U.S.C.S. sec 1692).

42. As a direct and proximate result of violation of the Federal Fair Debt Collection Practices Act, (15 U.S.C.S. sec 1692) of the defendant, the plaintiff has suffered damages.

43. Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong

*WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT IV
## BROWN V. ALL DEFENDANTS
## UNFAIR DEBT COLLECTION PRACTICES, (VIOLATION OF MASSACHUSETTS G.L. CHAPTER 93 SECTION 49)

44. The plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above.

45. On or about 2021, the plaintiff entered into a CONSTRUCTIVE contract with agents, servants and/or employees of the defendant, to provide credit REPORTS.

46. On or about OCTOBER 24, 2024 AND CONTINUOUSLY SINCE THAT TIME TO THE PRESENT the defendant reported the

plaintiff's NEGATIVE COMMENTS ON BROWN'S CREDIT REPORTS, causing the plaintiff's credit score to be significantly lower and causing the plaintiff to either be turned down for credit or having to pay a higher rate for credit.

47. The plaintiff has been injured by the defendant's wrongful behavior in using the credit reporting system, in effect, to collect a debt(s) which are no longer owed.

48. This claim is regarding 2024 behavior by the defendant and has nothing to do with earlier claims or defenses.

49. As a direct and proximate result of the Unfair Debt Collection Practices (Violation of Massachusetts Chapter 93 sec. 49) of the defendant, the plaintiff has suffered damages.

50. Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong

WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.

## COUNT V
## BROWN V. ALL DEFENDANTS
## NEGLIGENT MISREPRESENTATION

51. Plaintiff repeats and re-alleges and incorporates by reference each and every allegation contained above as if expressly re-written and set forth herein.

52. Defendant often made oral and written statements in letters, (SEE AGAIN EXHIBIT B) text messages and voicemail messages to plaintiff which defendant(s) NEGLIGENTLY misrepresented the factual reality of PLAINTIFF.

53. Additionally, Defendant regularly produced written or oral NEGLIGENT misrepresentations to plaintiff that compelled plaintiff to BE HELD IN A FALSE LIGHT.

54. Plaintiff, to plaintiff's detriment, relied on the NEGLIGENT misrepresentations in a reasonable and justified manner, and the NEGLIGENT misrepresentations resulted in great harm to the plaintiff.

55. Whether the defendant(s) knew the NEGLIGENT misrepresentation was not intended to be false, the NEGLIGENT misrepresentations need not be intentionally false to create liability to the plaintiff.

56. The defendant(s) made the statements with conscious ignorance or a reckless disregard for the plaintiff and plaintiff's well-being, the NEGLIGENT misrepresentations need not be intentionally false to create defendant's liability for those NEGLIGENT misrepresentations.

57. Plaintiff has been severely injured in both mind and body and has been unable to sleep after having false debts and obligations on plaintiff's credit report.

58. Plaintiff's ability to enjoy life and have appropriate usual activities and family plans has been greatly damaged and plaintiff has been permanently injured as a result of the defendant's acts of NEGLIGENT Misrepresentations.

59. As a proximate result of defendant's wrongful acts of NEGLIGENT Misrepresentations the plaintiff has been humiliated, embarrassed, emotionally distressed.

60. Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the

master may have done nothing wrong

*WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT VI
## BROWN V. ALL DEFENDANTS
## FALSE OR MISLEADING REPRESENATIONS 15 U.S.C.A.1125(a)

61. Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

62. DEFENDANT's systemic practices rise to the level of false or misleading representations under the plain definition of those words and are highly likely to have misled the Plaintiff.

63. Defendant has engaged in these systematic false and misleading representations not only to the Plaintiff, but to others, including the public.

64. As a proximate result of defendant's wrongful acts of False or Misleading Representations (15 USC 1125(a)) the plaintiff has been humiliated, embarrassed, emotionally distressed.

65. Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

*WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT VII
## BROWN V. ALL DEFENDANTS
## FRAUD AND CONCEALMENT

66. Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

67. Defendant has continuously and consistently behaved in a fraudulent manner by concealing the details of the account information from the Plaintiff.

68. Defendant has continuously and consistently behaved in a fraudulent manner by not revealing any of the alleged fraudulent behavior of the plaintiff that took place during the period from October 2024 to present.

69. Defendant has continuously and consistently behaved in a fraudulent manner by not providing the documents requested by the Plaintiff that it knew or should have known would reveal the truth of the allegations that the plaintiff mis-behaved in some manner.

70. Defendant has continuously and consistently behaved in a fraudulent manner by not providing any notices to the Plaintiff about his account until October 2024.

71. Defendant knew or should have known that the Plaintiff was never given any notice of his accounts from October 2024, and then was given the balance only.

72. As a result of Defendant's fraudulent concealment, Plaintiff has faced the constant reality of not even knowing what the defendant was doing with plaintiff's account.

73. As a proximate result of defendant's wrongful acts of Fraud and Concealment the plaintiff has been humiliated, embarrassed,

emotionally distressed.

74. Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

*WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT VIII
## BROWN V. ALL DEFENDANTS
## FALSE OR MISLEADING REPRESENATIONS
## MASSACHUSETTS G.L. SEC 13A

75. Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

76. Defendant's systemic practices rise to the level of false or misleading representations under the plain definition of those words and are highly likely to have misled the Plaintiff.

77. Defendant has engaged in these systematic false and misleading representations not only to the Plaintiff, but to others, as well.

78. Defendant's false and misleading representations to other people involved circumstance surrounding the plaintiff's account have inflicted vast damages upon the Plaintiff.

79. Defendant knew that their behavior that they allege to support their interests in the plaintiff's account are fabricated and false, yet the Defendant continues to plaintiff's own financial benefit at the expense of the plaintiff, with complete disdain for the Local, State and Federal Court laws and complete disdain for the financial strain caused to the plaintiff.

80. Defendant is obviously motivated by attempting to mitigate exposure to Plaintiff for failing to properly handle plaintiff's on time payments.

81. Rather than satisfy its burden of proof to establish standing as a holder in interest, Defendant has determined that manufacturing evidence to accomplish its goals and chill opposition is a more cost-effective business practice.

82. As a proximate result of defendant's wrongful acts of False or Misleading Representations (Massachusetts G.L. Sec 13A) the plaintiff has been humiliated, embarrassed, emotionally distressed.

83. Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.

## COUNT IX
## BROWN V. ALL DEFENDANTS
## INVASION OF PRIVACY

84. Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

85. Defendant(s) has since October 12, 2021 to the present, regularly invaded the Privacy of the Plaintiff.

86. Defendant(s) has regularly invaded the Privacy of the plaintiff by constantly publishing private and false facts about the plaintiff

credit accounts.

87. Defendant has since October 12, 2021 to the present, regularly invaded the Privacy of the plaintiff by putting the plaintiff in a false light – continuously and maliciously throughout the entire period of time that the plaintiff has been CLASSIFIED AS A "DEADBEAT".

88. As a proximate result of defendant's wrongful acts of Invasion of Privacy the plaintiff has been humiliated, embarrassed, emotionally distressed.

89. Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.

## COUNT X
## BROWN V. ALL DEFENDANTS
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

90. Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

91. The defendant(s) engaged in a long and regular pattern of intentional outrageous and extreme conduct that goes beyond the bounds of human decency against the plaintiff.

92. The defendant's ongoing behavior pattern far surpassed mere insults, annoyances, indignities and other trivialities.

93. The wrongdoing of the defendant(s) that went far beyond outrageous and extreme conduct and went far beyond the bounds

of common human decency and were so egregious that a reasonable and prudent human being such as the plaintiff, was unable to tolerate such conduct.

94. The behavior of the defendant(s) was atrocious and beyond all bounds tolerated in a civilized society.

95. The defendant's actions were clearly intentional and malicious and were done solely for the purpose of causing the plaintiff to suffer humiliation, mental anguish and emotional and physical distress.

96. As a proximate result of defendant's intentional acts the plaintiff has been humiliated, embarrassed, emotionally distressed, has been severely injured in both mind and body and has been unable to sleep and has had his QUALITY OF LIFE severely interrupted.

97. As a direct and proximate result of the Intentional Infliction of Emotional Distress of defendant(s), plaintiff was caused to sustain severe and permanent personal injuries, was unable to sleep and has had his QUALITY OF LIFE WAS severely interrupted.

98. Plaintiff's ability to enjoy life and to attend to plaintiff's usual activities and family plans has been greatly damaged and plaintiff has been permanently injured as a result of the defendant's Intentional Infliction of Emotional Distress.

99. As a proximate result of defendant's wrongful acts of Intentional Infliction of Emotional Distress the plaintiff has been humiliated, embarrassed, emotionally distressed.

100. Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2500.00 or in an amount that

*will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT XI
## BROWN V. ALL DEFENDANTS
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

101.    *Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.*

102.    Defendant(s) knew, or should have known, that defendant's failure to exercise due care in the performance of the acts described in the above paragraphs would cause plaintiff severe emotional distress.

103.    The defendant(s) engaged in a long and regular pattern of negligent outrageous and extreme conduct that goes beyond the bounds of human decency against the plaintiff.

104.    The defendant's ongoing negligent behavior pattern far surpassed mere insults, annoyances, indignities and other trivialities.

105.    The negligent behavior of the defendant(s) was far beyond outrageous and extreme conduct and went far beyond the bounds of common human decency and was so egregious that a reasonable and prudent human being such as the plaintiff was unable to tolerate such conduct.

106.    The negligent behavior of the defendant(s) was atrocious and beyond all bounds tolerated in a civilized society.

107.    The defendant's actions were clearly negligent and malicious and were done solely for the purpose of causing the Plaintiff to suffer humiliation, mental anguish and emotional and physical distress.

108.    As a proximate result of defendant's acts of Negligent Infliction of Emotional Distress, the plaintiff has been humiliated, embarrassed, emotionally distressed, has been severely injured in both mind and body and has been unable to sleep and has had his QUALITY OF LIFE severely interrupted.

109.    As a direct and proximate result of the of defendant's acts of Negligent Infliction of Emotional Distress, plaintiff was caused to sustain severe and permanent personal injuries, was caused to suffer a ludicrous mental anguish and has been unable to sleep and has had his QUALITY OF LIFE severely interrupted.

110.    Plaintiff's ability to enjoy life and survive and to attend to plaintiff's usual activities and ability to provide plaintiff with adequate home life has been greatly damaged and plaintiff has been permanently injured as a result of the defendant's Intentional Infliction of Emotional Distress.

111.    As a proximate result of defendant's wrongful acts of Negligent Infliction of Emotional Distress the plaintiff has been humiliated, embarrassed, emotionally distressed.

112.    Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.

## COUNT XII
## BROWN V. ALL DEFENDANTS
## DEFAMATION

113.    Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

114.     The plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above.

115.     Defendant through its agents, employees and/or servants has caused writings to be distributed which attacked the plaintiff's character and defamed the plaintiff.

116.     DEFENDANT, or its agents, employees and/or servants have made statements in writing to other residents about the plaintiff. Those statements in writing were and are untrue and attacked the plaintiff's character, and defamed the plaintiff.

117.     All those acts by the agents, servants and/or employees of DEFENDANTS, were done with malicious intent to harm the plaintiff and did indeed cause the plaintiff great harm.

118.     Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

119.     Defendant through its agents, employees and/or servants has committed scores of acts of oral defamation, in which their agents, employees and/or servants told many residents untruths regarding the plaintiff and said untruths damaged the reputation of the plaintiff and caused the plaintiff great suffering.

120.     Defendants have made, through its agents, employees and/or servants, scores of false and demeaning statements to current, past, and potential corporations and lenders about plaintiff. Those statements were and are untrue and attacked the plaintiff's character and defamed the plaintiff.

121.     All those statements were made by the defendant through its policies, procedures, agents, employees and/or servants, with malicious intent to harm the plaintiff and did indeed cause the plaintiff great harm.

122.   As a proximate result of defendant's wrongful acts of Defamation the plaintiff has been humiliated, embarrassed, emotionally distressed.

123.   Under the legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.

## COUNT XIII
## BROWN V. ALL DEFENDANTS
## LIBEL

124.   The plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above.

125.   Defendant, through its agents, employees and/or servants has caused writings to be distributed which attacked the plaintiff's character and defamed the plaintiff.

126.   DEFENDANT, or its agents, employees and/or servants have made statements in writing about plaintiff. Those statements in writing were and are untrue and attacked the plaintiff's character, and defamed the plaintiff.

127.   All those acts by the agents, servants and/or employees of DEFENDANTS, were done with malicious intent to harm the plaintiff and did indeed cause the plaintiff great harm.

128.   As a proximate result of defendant's wrongful acts of Libel the plaintiff has been humiliated, embarrassed, emotionally distressed.

129.    Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

*WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT XIV
## BROWN V. ALL DEFENDANTS
## SLANDER

130.    Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

131.    Defendant has committed scores of acts of oral defamation, in which their agents, employees or servants told scores of people untruths about the plaintiff and said untruths did damage the reputation of the plaintiff and caused the plaintiff great suffering.

132.    Defendant has made scores of false and demeaning oral statements to scores of people about the plaintiff. Those statements were and are untrue and attacked the plaintiff's character, defamed the plaintiff, and allegedly accused plaintiff of criminal behavior.

133.    All those oral statements were done by the defendant with malicious intent to harm the plaintiff and did indeed cause the plaintiff great harm.

134.    As a proximate result of defendant's wrongful acts of Slander the plaintiff has been humiliated, embarrassed, emotionally

distressed.

135.    Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong

WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.

## COUNT XV
## BROWN V. ALL DEFENDANTS
## NEGLIGENT HIRING

136.    Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

137.    Defendant(S) had a duty to use reasonable care to select agents, servants or employees who were competent and fit to perform the duties required as an agent, servant or employee of Defendant(S).

138.    Defendant(S) owed such duty to plaintiff and such duty was breached.

139.    Defendant knew, or should have known, that some of its agents, servants or employees would be likely to be callous and incompetent in a reckless manner, that would harm people situated like plaintiff.

140.    Defendant(S) knew, or should have known, that some of its agents, servants or employees were not competent or fit for the duties required of them as an agent, servant or employee of Defendant(s).

141.   Defendant(s) breached their duty to use reasonable care to select and retain employees that were competent and fit for the duties of their assigned position.

142.   As a result of Defendant's recklessness and negligence in hiring and retaining many of their agents, servants or employees, plaintiff was injured as alleged.

143.   As a proximate result of defendant's wrongful acts of NEGLIGENT Hiring the plaintiff has been humiliated, embarrassed, emotionally distressed.

144.   Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

*WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT XVI
## BROWN V. ALL DEFENDANTS
## NEGLIGENT FAILURE TO PROVIDE ADEQUATE TRAINING

145.   *Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.*

146.   The DEFENDANT(S) various agencies failed to properly train its employees. That failure to adequately train its EMPLOYEES amounts to deliberate indifference to THEIR AGENT'S, SERVANT'S OR EMPLOYEES' need for such training.

147.   The DEFENDANT'S failure to train has resulted in AGENTS, SERVANTS OR employees making wrong decisions in their interactions with the plaintiff.

148.     Upon information and belief supervisory level employees within the DEFENDANT(S) participated directly in causing plaintiff's INJURIES.

149.     Defendant(S) knew, or should have known, because of lack of adequate training programs, that some of its agents, servants or employees were thus not competent or fit for the duties required of them as an agent, servant or employee of Defendant(S).

150.     Defendant(s) breached their duty to use reasonable care to adequately train agents, servants or employees so that they would perform in a competent manner, and would be fit for the duties of their assigned position.

151.     As a result of defendant's failure to adequately train many of their agents, servants or employees, plaintiff was injured as alleged above and throughout.

152.     As a proximate result of defendant's wrongful acts of NEGLIGENT Failure to Provide Adequate Training the plaintiff has been humiliated, embarrassed, emotionally distressed.

153.     Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.

**COUNT XVII**
**BROWN V. ALL DEFENDANTS**
**NEGLIGENT FAILURE TO**
**PROVIDE ADEQUATE SUPERVISION**

154.    *Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.*

155.    Defendant(s) knew, or should have known, because of lack of adequate supervision, that some of its agents, servants or employees were thus not competent or fit for the duties required of them as an agent, servant or employee of Defendant(S).

156.    Defendant(s) breached their duty to use reasonable care to adequately supervise agents, servants or employees so that they would perform in a competent manner, and would be fit for the duties of their assigned position.

157.    As a result of defendant's lack of supervision of many of their agents, servants or employees, plaintiff was injured as alleged.

158.    As a proximate result of defendant's wrongful acts of NEGLIGENT Failure to Provide Adequate Supervision the plaintiff has been humiliated, embarrassed, emotionally distressed.

159.    Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

*WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT XVIII
## BROWN V. ALL DEFENDANTS
## TORTIOUS INTERFERENCE WITH
## ADVANTAGEOUS RELATIONSHIP

160.    Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if

expressly re-written and set forth herein.

161.    There was in existence a contractual relationship between the Plaintiff and a third party (PLAINTIFF'S CREDITORS),

162.    The defendant harmed the plaintiff by interfering with that contractual relationship by making false statements to the third party.

163.    The absence of the privilege or justification on the part of the defendant makes the interference tortuous behavior.

164.    Actual damage resulted to the plaintiff as a consequence of the defendant's conduct.

165.    As a proximate result of defendant's wrongful acts of Tortious Interference with Advantageous Relationship the plaintiff has been humiliated, embarrassed, emotionally distressed.

166.    Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.

## COUNT XIX
## BROWN V. ALL DEFENDANTS
## VIOLATION OF MASS GEN LAWS CH 93A

167.    The plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above as if expressly rewritten and set forth herein.

168.    At all times relevant hereto, Defendant was engaged in trade or commerce within the meaning of Massachusetts statutes.

169.     At all times relevant hereto, Plaintiff was also engaged as a consumer within the meaning of Massachusetts statutes.

170.     As both parties at all times relevant hereto, were engaged in trade or commerce within the meaning of Massachusetts statutes, this is a consumer transaction covered under the Massachusetts Consumer Protection Act.

171.     Defendant's behavior represents unconscionable behavior, said behavior which shocks the conscience and are considered unfair and deceptive business practices. It is settled law in Massachusetts and under Federal Law that unfair and deceptive business practices bring with it higher levels of punishment.

172.     The defendant has willingly and maliciously and continuously behaved in a way which represents significant violations of the Massachusetts Consumer Protection statutes which are meant to protect consumers, like the plaintiff, from the wrongful behaviors complained of above.

173.     As a direct and proximate result of the of defendant's Violation of the Massachusetts Consumer Protection Act, plaintiff was caused to sustain severe and permanent personal injuries, was caused to suffer a credit inquiry on plaintiff's credit report which effectively diminish his credit score and subsequently led a higher cost of credit all due to the acts in Violation of the Massachusetts Consumer Protection Act.

174.     As a direct and proximate result of the foregoing unfair and deceptive acts and unfair business practices of the defendant the plaintiff has suffered damages.

175.     Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

*WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## PRAYER

A. That this Honorable Court order Payment of TWENTY- FIVE HUNDRED DOLLARS ($2,500.00) as compensation for the VIOLATIONS OF THE FEDERAL FAIR CREDIT REPORTING ACT (15 USC 1681) committed by the defendants, JOINTLY AND SEVERALLY, in Count I, and the harm resulting to plaintiff from said VIOLATIONS OF THE FEDERAL FAIR CREDIT REPORTING ACT (15 USC 1681)

B. That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00) as compensation for the VIOLATIONS OF THE MASSACHUSETTS FAIR CREDIT REPORTING ACT (CHAPTER 93 SECTION 54A) committed by the defendants, JOINTLY AND SEVERALLY, in Count II, and the harm resulting to plaintiff from said VIOLATIONS OF THE MASSACHUSETTS FAIR CREDIT REPORTING ACT (CHAPTER 93 SECTION 54A).

C. That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00) as compensation for the VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTIONS ACT (15 USC sec. 1692) committed by the defendants, JOINTLY AND SEVERALLY, in Count III, and the harm resulting to plaintiff from said VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTIONS ACT (15 USC sec. 1692).

D. That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00) as compensation for the UNFAIR DEBT COLLECTION PRACTICES, (VIOLATION OF MASSACHUSETTS G.L. CHAPTER 93 SECTIONS 49) committed by the defendants, JOINTLY AND SEVERALLY, in Count IV, and the harm resulting to plaintiff from said UNFAIR DEBT COLLECTION PRACTICES,

(VIOLATION OF MASSACHUSETTS G.L. CHAPTER 93 SECTIONS 49).

E. That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALY, as compensation for the NEGLIGENT MISREPRESENTATION committed by the defendants, in Count V and the harm resulting to plaintiff from said NEGLIGENT MISREPRESENTATIONS.

F. That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY, as compensation for THE FALSE OR MISLEADING REPRESENTATIONS (15 USC 1125(a)) committed by the defendant in Count VI and the harm resulting to plaintiff from said THE FALSE OR MISLEADING REPRESENTATIONS (15 USC 1125(a)).

G. That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY, as compensation for FRAUD AND CONCEALMENT committed by the defendant in Count VII and the harm resulting to plaintiff from said FRAUD AND CONCEALMENT.

H. That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY, as compensation for the FALSE AND MISLEADING REPRESENTIONS (MASSACHUSETTS G.L. SEC 13A) committed by the defendant in Count VIII, and the harm resulting to plaintiff from said FALSE AND MISLEADING REPRESENTIONS (MASSACHUSETTS G.L. SEC 13A).

I. That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY, as compensation for the INVASION OF PRIVACY committed by the defendant in Count IX, and the harm resulting to plaintiff from said INVASION OF PRIVACY.

J. That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY, as compensation for the INTENTIONAL INFLICTION OF EMOTIONAL DISTRISS committed by the defendant in Count X and the harm

resulting to plaintiff from said INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

K. That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY as compensation for the additional NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS committed by the defendant in Count XI and the harm resulting to plaintiff from said NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.

L. That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY, as compensation for the DEFAMATION committed by the defendant in Count XII and the harm resulting to plaintiff from said DEFAMATION.

M. That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY, as compensation for the LIBEL committed by the defendant in Count XIII and the harm resulting to plaintiff from said LIBEL.

N. That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY, as compensation for the SLANDER committed by the defendant in Count XIV and the harm resulting to plaintiff from said SLANDER.

O. That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY, as compensation for NEGLIGENT HIRING by the defendant(S), in Count XV and the harm resulting to plaintiff from said NEGLIGENT HIRING.

P. That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY, as compensation for the NEGLIGENT FAILURE TO PROVIDE ADEQUATE TRAINING committed by the defendant(S), in Count XVI and the harm resulting to plaintiff from said NEGLIGENT FAILURE TO PROVIDE ADEQQUATE TRAINING.

Q. That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY, as compensation for the NEGLIGENT FAILURE TO PROVIDE ADEQUATE SUPERVISION committed by the defendants, in Count XVII and the harm resulting to plaintiff from said NEGLIGENT FAILURE TO PROVIDE ADEQUATE SUPERVISION.

R. That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY, as compensation for the TORTIOUS INTERFERENCE WITH ADVANTAGEOUS RELATIONSHIP committed by the defendants, in Count XVIII and the harm resulting to plaintiff from said TORTIOUS INTERFERENCE WITH ADVANTAGEOUS RELATIONSHIP

S. That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY, as compensation for the violation of the Massachusetts Consumer Protection Act committed by the defendant in Count XIX and the harm resulting to plaintiff from said acts which violated the Massachusetts Consumer Protection Act. And, the total damages of $47,500.00 be tripled under that act because the defendant's acts were malicious and designed to punish a consumer for no appropriate reason.

THE PLAINTIFF REQUESTS A TRIAL BE JURY

The Plaintiff
Pro Se

DONALD L BROWN
95 UNIVERSITY AVE APT 2128
WESTWOOD, MA 02090
donaldloringbrown@gmail.com
781 708 9654
Dated: NOVEMBER 8, 2024

## ROCKLAND TRUST
www.rocklandtrust.com

PERSONAL MONEY ORDER

Branch: 370 **8874178**

$\frac{53\text{-}447}{113}$

DATE October 4, 2024

$*********300.0



REMITTER DONALD LORING BROWN

PAY THREE HUNDRED AND 00/100

TO THE ORDER OF Citibank

PURPOSE # 6002

**CUSTOMER COPY**

COPY

---

## ROCKLAND TRUST
www.rocklandtrust.com

PERSONAL MONEY ORDER cashed Oct 9th

Branch: 370 **8874176**

$\frac{53\text{-}447}{113}$

DATE October 4, 202

$*********300.

REMITTER DONALD LORING BROWN

PAY THREE HUNDRED AND 00/100

TO THE ORDER OF Citibank

PURPOSE # 5730

**CUSTOMER COPY**

Number 866-532-0424

Calling Brow

Sat. 10/19

   8:40 AM

   12:57 PM

   3:00 PM

Sun. 10/20

   9:39 AM

   11:41 AM

Mon. 10/21

   3:25 PM

(B)

COPY

MaxiAids                                              Item#: 2071000



DONALD LORING BROWN
95 UNIVERSITY AVE APT 2128
WESTWOOD, MA 02090
781 708 9654
donaldloringbrown@gmail.com

**October 24, 2024**

**PRESIDENT/CEO**
**Citibank Customer Service**
**P.O. Box 6500**
**Sioux Falls, SD 57117**



VIA FIRST CLASS MAIL and
CERTIFIED MAIL, RETURN RECEIPT REQUESTED

RE:    VIOLATION OF THE MASSACHUSETTS FAIR CREDIT
REPORTING ACT.

THIS LETTER IS A PERQUISITE TO A LAWSUIT

Dear Sir or Madam:

BROWN TYPES IN CAPS AT TIMES, BECAUSE HE IS BLIND.

THIS IS A FORMAL DEMAND LETTER SENT TO THE ADDRESSEE AND ITS AGENTS, SERVANTS AND EMPLOYEES PURSUANT TO MASSACHUSETTS GENERAL LAWS, CHAPTER 93A, AND SECTION 9. I REPRESENT MYSELF, THE UNDERSIGNED DONALD L BROWN ("BROWN"), AS A CONSUMER WHO HAS INVALID LATE CHARGES ON BOOWN'S CREDIT REPORT DUE TO YOUR COMPANY NEGLIGENCE. AND, FURTHER, HAS HAD INVALID REASONS FOR A DENIAL OF CREDIT.

On or about OCTOBER 4, 2024 Brown wrote to your company PAYING $300.00 FOR EACH CREDIT CARD. (SEE EXHIBIT A) SUSBEQUENTLY, YOUR COMPANY DID NOT LOG ONE OF THOSE PAYMENTS, (WHICH WERE SENT IN TWO ENVELOPES), AND ONLY ONE CASHED. THEY

WERE SENT TO A KENTUCY ADDRESS, BOTH THE SAME ADDRESS. (BROWN ONLY PRINTED ONE LABEL, THEN COPIED AND PASTED THE OTHER LABEL, SO THERE WERE NO ERRORS IN THE ADDRESS).

THEN THE HARRASMENT AND HOUNDING BEGAN.  BROWN WAS CALLED THREE TIMES ON SATURDAY, 2 TIMES ON SUDANY AND I ONE TIME ON MONDAY. I TOLD THE CALLER IT BEEN SENT OCTOBER 4, 2024, WHICH ALL MY BILLS WERE SENT OUT. (I AM SURE YOUR RECORDS SHOW THAT I PAY AROUND THE 4TH OF THE MONTH EVERY TIME I PAY MY BILLS BECAUSE THAT'S WHEN MY SOCIAL SECURITY COMES AND WHEN MY ROYALTY CHECKS ARRIVES. (SEE A LOG OF THE TIMES THE CALLS CAME TO MY CELL PHONE ATTACHED AS EXHIBIT B)


SUBSEQENTLY, I STOPPED PAYMENT ON (WHICH BROWN WAS CHARGED $35.00) THE CHECK THAT WAS NOT CASHED BY YOUR COMPANY (THE DATE OF THE STOP PAYMENT: OCTOBER 24, 24, THE CHECK WAS SENT TO THE KENTUCKY ADDRESS).

BROWN ASKED Your company to take off the LATE CHARGE NOTED ON THE CREDIT REPORT OF BROWN.

Subsequently, your company and its agents, servants or employees failed to take the inquiry off Brown's credit reports. Your representative said that it COULDN'T   BE REMOVED, AND BASICALLY CALLIN BROWN, YOUR CUTOMER, A LIAR.

Brown has suffered from a lower score and has been turned down for "too many LATE CHARGES" on his credit reports. (SEE EXAMPLE, EXHIBIT C).

In addition, Brown has applied for credit several times and several merchants have failed to approve several transactions due to too many LATE CHARGESs on Brown's credit reports.

Your company, or its agents, servants or employees failure to remove that LATE CHARGE arguably could be seen as unfair and deceptive practices under the Massachusetts Consumer Protection Statutes. Chapter 93A

Additionally, your company, either itself or through its agents, servants or employees, without right or legal authority, maliciously reported a LATE CHARGE to various so-called credit reporting agencies regarding Brown's "alleged" application for credit, all the while having been fully notified and informed by Brown of the invalidity of the underlying LATE CHARGE (SEE AGAIN EXHIBIT C).

THE conduct of your company was willful, intentional, and malicious, apparently with the sole intent to oppress and harass Brown.

Failure to fulfill promise and misrepresentations of material and other facts constitutes deceptive acts within the meaning of Chapter 93A.

According to the Attorney General's regulations, 940 Code Mass. Regs. Sec. 3.16(1):

It is oppressive or otherwise unconscionable in any Respect or If

...fails to comply with the existing statutes, rules, regulations or laws, meant for the protection of the public's health, safety, or welfare promulgated by the Commonwealth or any political subdivision thereof intended to provide the consumers of this Commonwealth protection: or

...Violates the Federal Trade Commission Act, the Federal   Consumer Credit Protection Act or other federal consumer protection statutes within the purview of the federal Government's rules and regulations

Upon information and belief, the above-referenced statutes were violated willfully, intentionally, maliciously and knowingly by your company.

As a result of your company's (either itself or through its agents, servants or employees) unfair and deceptive acts and practices, Brown has suffered injury including the loss of the credit scores, has suffered from an impaired credit rating, has had credit applications turned down on several occasions because of the credit reports, LATE CHARGES made by your company (either itself or through its agents,

servants or employees) and Brown has been held up to public ridicule and humiliation in his community both personally and professionally, and has suffered severe emotional and physical distress, all as a result of the malicious, wanton, and willful reckless behavior of your company. The losses attributable to Brown are estimated to be approximately Thirty Thousand ($30,000.00) Dollars.

Failure to respond to this c. 93A demand letter within thirty (30) days offering a reasonable settlement will compel Brown to prosecute claims against your company in a complaint to be filed against your company and under Chapter 93A, the Massachusetts Consumer Protection Act. Brown construes

1) Remove the LATE CHARGE from any national credit reporting agency;

2)    Payment of $10,000.00 as compensation for the emotional distress caused to Brown because of the vast number of harassing telephone calls to his home and to his place of B business;

3)   Payment of $10,000.00 as compensation for the bad credit Rating Brown has suffered as a result of your company's actions, and Brown's subsequent inability to obtain financing on several different occasions; and

4)   Payment of Ten Thousand Dollars ($10,000.00) to Brown for all other claims, whether in Tort, Contract or under Chapter 93A.

If your company's conduct is found to be unfair and deceptive pursuant to chap93A, Brown may be awarded his actual damages and may also receive an award whereby your company will be required to pay all of Brown's reasonable attorney's fees, should litigation be necessary. Furthermore, if a court determines that your company's conduct was willfully or knowingly unfair or deceptive, the court may also award Brown up to three times, but not less than two times actual damages, if your company does not make a reasonable offer of settlement in response to this demand letter and a court determines that refusal, after review of this letter, was made in bad faith with reason to know your company's conduct was unfair and deceptive in violation of c.

**93A.**

**Under the statutes previously cited, there are legal consequences to your company, some of which have been stated herein, others of which your company may wish to consult with legal counsel about.**

Very truly yours,

**Donald L Brown**